*1001 TEXTO COMPLETO DE LA RESOLUCION
El 10 de agosto de 1995 el peticionario, Luis Rodríguez Silva, presentó un recurso de certiorari para revisar una Resolución del Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, dictada el 28 de junio de 1995 y notificada el 11 de julio del corriente año. La misma declaró no ha lugar una Moción de Reconsideración o de Relevo de Orden presentada por dicha parte, bajo la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 49.2.
La orden que el peticionario interesa se deje sin efecto, dispuso para que éste paralizace permanentemente la construcción o el uso de un taller de mecánica, por no contar con el permiso de la Administración de Reglamentos y Permisos, conforme requieren los artículos 16. y 17 de la Ley Núm. 76 del 24 de junio de 1975, 23 L.P.R.A. sees. 71o y 71p y el Reglamento de Zonificación.
Procedemos a denegar el recurso de certiorari solicitado toda vez que el tribunal recurrido no incidió al denegar la referida moción. Veamos.
El 14 de diciembre de 1994, la Administración de Reglamentos y Permisos (A.R.P.E.) presentó una querella contra el peticionario y solicitó que se emitiera una orden permanente de paralización contra éste, por operar un taller de mecánica sin el correspondiente permiso de dicha agencia. La querella fue presentada al amparo del procedimiento especial provisto en el Art. 28 de la Ley Núm. 76, supra, 23 L.P.R.A. see. 72.
El 7 de mayo de 1995 el tribunal de instancia señaló una vista para dilucidar la solicitud de la orden de paralización. La misma fue suspendida debido a un conflicto de calendario del abogado del peticionario. Esta fue reseñalada para el 11 de abril de 1995.
En la vista del 11 de abril, el peticionario contestó la querella y adujo que había estado operando su negocio legítimamente, de conformidad con un permiso que a esos efectos había emitido ARPE el 17 de agosto de 1993. Copia del mismo se acompañó a la contestación. Por otro lado, sostuvo ARPE en esa ocasión que el referido permiso era uno temporero, por el término de un año, dentro del cual el peticionario tenía que obtener el permiso de construcción y que a la fecha de la vista, éste no estaba autorizado a operar el taller de mecánica.
Ante los argumentos de las partes, el tribunal de instancia concedió a éstas hasta el 21 de abril de 1995 para que presentasen prueba del permiso o para hacer los planteamientos legales de rigor y determinar, además, qué gestiones posteriores a la obtención del alegado permiso se habían realizado.
El 21 de abril de 1995, el peticionario solicitó un término adicional final, hasta el 1ro. de mayo de 1995, para cumplir con la orden del tribunal. El 1ro. de mayo, sometió otra solicitud de prórroga adicional, hasta el 10 de mayo de 1995. El 4 de mayo de 1995, el tribunal consideró la primera prórroga solicitada y dispuso que la misma era académica, por haberse dictado una orden el 1ro. de mayo, concediendo cinco (5) días adicionales. El 11 de mayo de 1995 el tribunal intervino en la segunda prórroga solicitada por el peticionario y dispuso que ésta era académica ya que había pasado el término solicitado, sin que se hubiese presentado el escrito requerido.
El 22 de mayo de 1995, ARPE solicitó que se declarase con lugar la querella y se dictase la orden de paralización permanente, en vista de que el peticionario no contaba con el permiso correspondiente, ni tampoco había presentado defensa afirmativa, según intimado por el tribunal.
*1002 El 23 de mayo, luego de haber expirado todos los términos solicitados por el peticionario, el tribunal dictó la orden de paralización permanente. Para esa fecha no se había presentado el escrito del peticionario. No fué hasta el 25 de mayo de 1995, que finalmente presentó el mismo.
La orden de paralización permanente fue notificada a las partes el 1ro. de junio de 1995. El 12 de junio de 1995, en término hábil, el peticionario solicitó al tribunal de instancia que formulase determinaciones adicionales de hechos y conclusiones de derecho. Estas fueron consignadas mediante Resolución del 16 de junio de 1995 y notificada el 28 de junio del corriente año.
En adición, el peticionario presentó el 16 de junio de 1995 una Moción de Reconsideración o Relevo de Orden Bajo la Regla 49.2 de las de Procedimiento Civil, supra. Esta fue denegada de plano por el tribunal, el 28 de junio de 1995 y notificada a las partes, el 11 de julio de 1995.
El Í0 de agosto de 1995 se presentó el recurso de certiorari en este caso.
Como único error, señala el peticionario que el tribunal de instancia incidió al declarar sin lugar la Moción de Reconsideración o de Relevo de Orden bajo la Regla 49.2, supra.
En primer lugar, debemos indicar que no podemos pasar juicio sobre aquellos asuntos que se hubiesen planteado en la solicitud de reconsideración y que vayan dirigidos a cuestionar los méritos de la decisión del tribunal para expedir la orden de paralización permanente. Ello es así, ya que al denegarse de plano la solicitud de reconsideración, no se interrumpió el término de treinta (30) días que dispone el Art. 4.002, inciso (c), de la Ley de la Judicatura de Puerto Rico de 1994, para presentar el recurso de certiorari ante este foro. El último día hábil para presentar el recurso lo fue el 28 de julio de 1995.
Por otro lado, aún cuando consideremos el recurso de certiorari para examinar si el tribunal recurrido incidió al denegar la solicitud para que se dejase sin efecto la orden de paralización permanente, al amparo de la Regla 49.2, supra, tampoco procede la expedición del auto.
No surge de la moción presentada el foro de instancia, ni de la petición de certiorari ante nos, circunstancia que amerite que relevemos al peticionario de la orden de paralización, conforme la Regla 49.2, supra, quien no ha señalado error, inadvertencia, sorpresa o negligencia excusable. Tampoco se trata del descubrimiento de evidencia esencial adicional, fraude o nulidad de la orden. En adición, no se ha señalado ninguna razón que justifique la concesión de un remedio contra la orden emitida.
Consideradas, además, las circunstancias particulares de este caso, no encontramos que el tribunal de instancia hubiese abusado de su discreción o que actuara con prejuicio o parcialidad, o que se equivocara en la interpretación o aplicación de la norma procesal y el derecho, que justifique nuestra intervención. Lluch v. España Service Sta., 117 D.P.R. 729 (1986).
Por las consideraciones anteriores, se deniega el auto de certiorari solicitado.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General